THE GEORGIA SOUTHERN AND FLORIDA RAILROAD COMPANY *et al. v.* RAY; and the same *v.* DONOHUE.

1. A statutory license to occupy the streets of a city with a line of steam railway, which is conditional upon paying (before proceeding with the construction) damages to the owners of property injured thereby, contemplates such payment as a condition precedent, and the company may be enjoined from violating the condition. That the statute provides that either party may proceed to have the damages assessed will not make it incumbent upon the property-owner to take steps for that purpose rather than resort to the remedy of injunction; certainly not where the facts of the case render it more appropriate for the company to take the initiative.
2. A harmless though useless restraint by a temporary injunction is a

mere ideal burden, and therefore resort to this court before the final hearing of the case to throw it off is needless. In so far as the question of cost is involved, that will bear delay until such hearing. February 24, 1890.

Injunction. Railroads. Streets. License. Damages. Practice. The Ray case before Judge GOBER. The Donohue case before Judge BOYNTON. Bibb superior court. November term, 1889.

These cases are similar to those of Harvey and Mathews, just preceding. Ray and Donohue own houses and lots fronting on Elbert street in Macon, and they alleged and introduced evidence to show that the defendants were preparing to lay tracks on that street in front of the houses and lots, which would be damaged thereby; also that the defendants had refused to take any steps towards ascertaining the amount of the damages, and had asserted their intention to occupy the street without paying any damages at all. The defendants showed that while they originally contemplated constructing tracks on this street in front of plaintiff's property, they had made no arrangements to do so and did not so intend when the petitions were filed, but had used another route to reach the terminal point of the railroad; also that such use of the street would not damage but enhance the value of plaintiff's property; and that defendants are ready and willing to pay them such damages as may be assessed by law, and invite them to bring suits for the same, insisting that there is now no ground for resort to injunction. The court granted the injunctions against building tracks on or obstructing Elbert street until the damages, if any, to plaintiff's property had been ascertained and paid. Defendants excepted. Other facts in the cases need not be stated here.

GUSTIN, GUERRY & HALL, for plaintiffs in error.
F. J. M. DALY, contra.

BLECKLEY, Chief Justice.

These two cases were argued together.

1. Without license from the legislature, the railway company could not lawfully use any of the streets of Macon as a location for its line to be operated by steam. *Daly* v. *Gâ. Southern, etc. R. Co.*, 80 *Ga.* 799. The statutory license which it obtained by way of amendment to its charter (Acts 1888, p. 139) was conditional, thus : "Provided, that should the said railroad company, in construction of their said road through the steets of said cities and towns, damage the property of any person in so constructing said railroad, it shall, before proceeding with the said construction, pay to · the owner of said property the amount of said damage; and in case the said railroad company and the owner of said property fail to agree on the amount of said damages, then either of said parties shall have power to have the same ascertained in the method provided in the charter of said railroad company for condemning property for the right of way of said railroad company," etc.

Plainly it was the intention of the legislature that the condition should be performed, even to the extent of paying the damages, before the right of occupation should be enjoyed. The provision allowing either party to move for the assessment of the damages would not dispense with this part of the condition. No matter which party might move, the damage would have to be assessed (if not agreed upon) and paid before occupation. The non-compliance with this condition would leave the company without any right whatever to locate and operate its railroad in the street. It follows that the power conferred by the statute upon the citizen as well as the company to move first, has nothing to do with the real question. All the benefit the company can claim from this is, that moving by the

opposite party will dispense with any movement by itself. The essential matter is to pay; and unless the other party will fix the amount by agreement or proceed to have it fixed otherwise, the company must of necessity move first. The company is the appropriate party to take the initiative; for it knows and can point out what part of the street is to be occupied, and how much of it is to be appropriated. It may be that if the line had been definitely located upon the street, and time given then for the other party to move, the right and duty of moving might be important. *Parham* v. *The Justices*, 9 *Ga.* 341; Mills Eminent Domain, §89.

2. As to there being no use for the injunction because the company has no present intention of using the street in question, that certainly would have justified the judge in denying the injunction; but as he granted it to operate only so long as the damages, if any, were unpaid, the injunction will be harmless if the company should continue to entertain its present intention and should abide by the same in its action or conduct. We do not feel it absolutely incumbent upon us to reverse the grant of a harmless though useless injunction. To be restrained from doing what one has no intention to do may become inconvenient if the intention should change, but until it does change there is no prejudice, except perhaps as to the matter of cost; and that we think may be left to abide the result of the case on final trial. The question of cost merely is not one upon which the grant or refusal of a temporary injunction ought to be brought to this court, since the losing party by acquiescing in the interlocutory decision will part with no right of contesting liability for costs when it comes to the final trial.

The judge did not abuse his discretion in granting the temporary injunction, restricted as it was in the element of time.                    *Judgment affirmed.*